UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14225-Moore/McCabe

SELINA FLORES,

    Plaintiff,

v.

MULLIGANS VERO ACQUISITION
LLC, *doing business as*
MULLIGANS BEACH HOUSE BAR
AND GRILL,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Plaintiff's Motion for Attorneys' Fees (DE 21) ("Motion"), which was referred to the undersigned by United States District Judge K. Michael Moore (DE 24). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 21) be **GRANTED** and that Plaintiff be awarded $5,278.50 in attorneys' fees.

**I.     BACKGROUND**

Plaintiff sued Defendant in the County Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida alleging a variety of wage-related claims (DE 1-2 ¶ 2). On July 31, 2023, Defendant removed the case to federal court asserting subject matter jurisdiction under the Fair Labor Standards Act (DE 1). The District Judge then granted Plaintiff's motion to remand the case back to state court, noting that Plaintiff's claims overwhelmingly referenced the Florida Minimum Wage Act and the Florida Constitution, rather than any predominant issue of federal law (DE 18). The District Judge found the removal to be objectively unreasonable, and he ordered Defendant to pay Plaintiff's reasonable attorneys' fees and costs associated with the removal of

the case (DE 18 at 5).  The District Judge also instructed Plaintiff to file an affidavit itemizing her fees and costs (DE 18 at 5).  This Motion followed, in the form of an affidavit submitted by Plaintiff's counsel in support of attorneys' fees and costs (DE 21).

## II.     DISCUSSION

Plaintiff requests $7,935.00 in attorneys' fees, representing 13.8 hours of work associated with the removal and remand efforts from August 1, 2023 through October 30, 2023 (DE 21 at 2-3).  Courts calculate reasonable attorneys' fees by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  This number, often referred to as the "lodestar," carries a strong presumption of reasonableness, but may be adjusted by the court.  *Id.* at 427; *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  A fee applicant bears the burden to prove reasonableness, which normally includes "supplying the court with specific and detailed evidence."  *Norman v. Housing Auth. of City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988).

### A.     Hourly Rates

The first step in calculating the lodestar is to determine reasonable hourly rates.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation."  *Van De Velde NV v. Felder*, No. 15-24096-CIV, 2017 WL 8895345, at *4 (S.D. Fla. May 25, 2017), *R. & R. adopted*, 2017 WL 8895340 (S.D. Fla. June 16, 2017).  Here, Plaintiff's counsel seeks to be compensated at an hourly rate of $575.00 (DE 21 at 3).  In support, he attests that he has been a member of the Florida Bar for more than 13 years and has litigated more than 1,500 cases, including more than 500 wage and hour cases (DE 21 at 1-2).

2

The Court finds the requested rate to be excessive in comparison to rates awarded by other judges in this district for similar cases with lawyers of similar experience levels. *See Davila v. Luxury Wood Floors Inc.*, No. 22-CV-80760, 2023 WL 8310975, at *2 (S.D. Fla. Sept. 29, 2023) (finding hourly rate of $350 reasonable in an employment case for attorney who "has been a member of the Florida Bar for approximately 10 years and has been retained as counsel in over 1,000 federal cases involving employment law and ADA claims."); *Ramirez v. Rosalia's Inc.*, No. 20-CV-23270, 2023 WL 3930726, at *4 (S.D. Fla. June 9, 2023) (finding hourly rate of $425 reasonable in an employment case and collecting cases). The Court finds an hourly rate of $425 to be reasonable and appropriate given the circumstances of this case.

### B.     Hours Spent

The next step in calculating the lodestar is to determine the reasonable number of hours expended on the case. The Court may act as its own expert in making this determination. *See Norman*, 836 F. 2d at 1303 ("The court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (cleaned up).

Here, Plaintiff submitted billing entries totaling 13.8 hours (DE 21 at 2-3). The Court finds these entries to be partially excessive. As an example, the billing entries include billing for purely administrative tasks, such as filing court documents. *See Beauvais v. Amisial Medspa LLC*, No. 22-CV-23708, 2023 WL 8935214, at *4 (S.D. Fla. Dec. 8, 2023), *R. & R. adopted*, 2023 WL 8934292 (S.D. Fla. Dec. 27, 2023) (excluding time entries for administrative tasks, such as filing, and collecting cases). As Defendant points out, the billing entries also show time billed for the drafting of documents that appear to be near-duplicate boilerplate documents filed by Plaintiff's counsel in other similar cases in this district. *See Houston v. S. Bay Inv'rs No. 101, LLC*, No. 13-

3

80193-CV, 2013 WL 3874026, at *2 (S.D. Fla. July 25, 2013) (reducing requested hours where filings were nearly identical to those in other cases); *Kennedy v. Bonom Enterprises, Inc.*, No. 18-CV-62175, 2019 WL 1429513, at *4 (S.D. Fla. Mar. 29, 2019) (similar).

The Court therefore finds an adjustment to be appropriate. In making such adjustments, courts need not make line-by-line reductions to billing entries but can instead apply an across-the-board cut. *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997). In this regard, courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

Based on the Court's own independent review of the billing records submitted, the Court finds an across-the-board reduction of 10% should be applied to account for the concerns discussed above. *See Shipping & Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290, 1293-94 (S.D. Fla. 2017) (adopting recommendation for 15% reduction for billing inefficiencies). The Court will therefore apply a 10% reduction to the amount of time billed, i.e., 12.42 hours (reducing 13.8 hours by 1.38, or 10%). The Court therefore recommends that Plaintiff be awarded $5,278.50 in attorneys' fees, i.e., 12.42 hours billed at an hourly rate of $425.

### III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 21) be **GRANTED** and that Plaintiff be awarded $5,278.50 in attorneys' fees.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the

parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of February 2024.

                                                        RYON M. MCCABE
                                                       U.S. MAGISTRATE JUDGE